541 A.2d 405

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* GTRT, Inc., Appellee.

Argued March 22, 1988, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Faith S. Kiehl,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Robert V. Campedel, Zemprelli, Clipper and Campedel,* for appellee.

OPINION BY SENIOR JUDGE KALISH, May 9, 1988:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Allegheny County which modified a penalty imposed

by the Board on GTRT, Inc. for selling alcoholic beverages to minors, which is prohibited by section 493(1) of the Pennsylvania Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1). We reverse.

The Board found that GTRT had sold alcoholic beverages to minors on April 5, 1985, and on other occasions during 1985. The Board imposed a fifteen day suspension.

GTRT appealed to the trial court which conducted a hearing de novo. The trial court found GTRT guilty of the offense charged, but modified the fifteen day suspension to a $750.00 fine.

The basis for the court's modification was that the evidence at the trial de novo showed that the present director and sole shareholder was not involved with the business at the time of the cited offenses. Furthermore, since the time this new director/sole shareholder has assumed responsibility for the business, it has been operated in full compliance with the Code.

We have held that a trial court cannot modify a Board's order unless its findings are material and significantly different from those of the Board. *Pennsylvania Liquor Control Board v. Dobrinoff,* 80 Pa. Commonwealth Ct. 453, 471 A.2d 941 (1984).

The relationship between penalty and policy is particularly within the Board's special competence and should not easily be disturbed on appeal. *Matter of Elemar, Inc.,* 449 Pa. 8, 451 A.2d 209 (1982).

In this case, GTRT, which is currently the licensee, was also the licensee at the time of the violation. The fact that the court pierced the corporate veil to find that the present owner was not involved at the time of the violations is not a basis for modifying the penalty. This is not such a qualitative difference of a material fact that would warrant the modification. In fact, this is not even

relevant to a determination of whether a violation occurred.

Accordingly, we reverse the order of the trial court, and reinstate the order of the Board.

ORDER

Now, May 9, 1988, the order of the Court of Common Pleas of Allegheny County, S.A. 196 of 1987, dated June 5, 1987, is reversed, and the order of the Pennsylvania Liquor Control Board is reinstated.